# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADIQ GAMER,<br><br>    Petitioner,<br>  vs.<br><br>MICHAEL CHERTOFF, SECRETARY DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Respondents. | CASE NO. 06CV0525 JM (POR)<br><br>**ORDER DISMISSING PETITION FOR LACK OF JURISDICTION** |

Sadiq Gamer ("Petitioner") petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents oppose the petition. After considering the parties' papers, the court hereby **DISMISSES** the petition for lack of jurisdiction for the reasons stated below.

**Background**

Petitioner, born in the Sudan and lawfully admitted to the United States, has been ordered removed by the Department of Homeland Security ("DHS") as a result of his state criminal conviction. On August 12, 2004, upon completion of his state sentence, Petitioner entered DHS custody for removal proceedings and has remained in custody ever since. DHS has authority to detain Petitioner pursuant to 8 U.S.C. § 1231.

On March 10, 2006, Petitioner filed the instant petition for a writ of habeas corpus. Respondents' return, filed July 3, 2006, stated that the petition was now moot because Petitioner would "soon be released" to a facility where his medical concerns could be addressed. The facility turned out to be located in North Carolina, and Petitioner was

transferred there on or around July 20, 2006. The traverse, filed July 24, 2006, contended that the petition was not moot because it was unclear whether, despite transfer to the North Carolina facility, Petitioner remained in Respondents' custody.

Upon learning of the transfer, the court expressed concern as to whether it still had jurisdiction over the petition. Specifically, it was unclear to the court at that point whether Petitioner remained in government custody; little was known about the nature of the medical facility in North Carolina. Therefore, on August 14, 2006, the court ordered further briefing on the circumstances of the transfer, why Petitioner was transferred to North Carolina, whether Petitioner remained in government custody, and whether this court still had jurisdiction.

Thereafter the parties submitted additional briefs, which revealed that Petitioner was notified in writing on around July 14, 2006 that he was to be released from DHS custody with conditions of supervision. One condition was that Petitioner reside at the New Salem Missionary Baptist Church ("New Salem") at Fayetteville, North Carolina for up to one year. New Salem is a residential treatment and care facility for individuals in need of social and medical services. North Carolina was selected was because the New Salem placement was available.

With this background in mind, the court now turns to the question of whether it has jurisdiction over the instant petition.

**Statutory Habeas Jurisdiction**

In order for this court to exercise its habeas jurisdiction under § 2241, Petitioner must be in government custody. Zichko v. Idaho, 247 F.3d 1015, 1019 (9th Cir. 2001). "In custody" for purposes of habeas corpus includes not only physical custody, but also conditions of release that significantly restrict an individual's liberty. Jones v. Cunningham, 371 U.S. 236, 243 (1963).

The court finds that requiring Petitioner to reside at a residential treatment facility for up to one year is a significant restraint on Petitioner's liberty. He is not free to choose where to live and is under New Salem's constant supervision. See Petitioner's Further Briefing, Ex. A at 8, *filed under seal*. Presumably if Petitioner were to violate his terms of release by, for

example, fleeing New Salem, the government could initiate procedures to revoke Petitioner's supervised release and take him back into DHS physical custody. Thus, the government continues to exert significant control over Petitioner's liberty.

Respondents argue that requiring Petitioner to reside at New Salem is merely a valid condition of release and not "custody" under the habeas statute. Updated Return at 4. The court is unpersuaded by this argument. An individual sentenced to attend an alcohol rehabilitation program for fourteen hours has been deemed "in custody" for purposes of habeas corpus jurisdiction. Dow v. Circuit Court of First Circuit Through Huddy, 995 F.2d 922, 923 (9th Cir. 1993) (per curiam), cert. denied, 510 U.S. 1110 (1994). The restrictions here are substantially greater than the restrictions imposed in Dow. Therefore, Petitioner is "in custody" and the court has statutory habeas jurisdiction over the petition.

Even if the court were to agree with Respondents that Petitioner is no longer "in custody", the court would still have jurisdiction over the petition.[1] The petition was filed on March 10, 2006, at which time Petitioner was clearly in Respondents' custody. Petitioner was then transferred to New Salem in July 2006. If a petitioner is in custody when his petition is filed, his subsequent release from custody does not deprive the court of its habeas jurisdiction. Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

However, this does not yet end the jurisdictional matter. The parties also dispute whether transfer to New Salem moots the petition in light of the relief requested, thereby denying this court its jurisdiction under Article III of the United States Constitution.

**Article III Jurisdiction**

Federal courts are empowered only to hear cases and controversies. U.S. Const. art. III, § 2; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974). An action becomes moot, and therefore no case or controversy is presented, if after initiation of the action the aggrieved party receives

---

[1] However, it is unclear whether the court has jurisdiction over Petitioner's immediate custodian, who is probably in North Carolina. But since the parties have not raised this issue, the court need not address it.

the relief sought in the complaint. DeFunis, 416 U.S. at 317.

Petitioner requested the following relief: "[T]hat this Court order the respondents to release him from custody under the conditions of supervision set forth in 8 U.S.C. § 1231(a)(3)." Petition at 8. Section 1231(a)(3) provides:

> If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the alien–
>
> (A) to appear before an immigration officer periodically for identification;
>
> (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;
>
> (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and
>
> (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

8 U.S.C. § 1231(a)(3).

Respondents have released Petitioner from DHS physical custody under conditions of supervision pursuant to its authority under § 1231(a)(3)(D) (reasonable written restrictions). Petitioner concedes that an appropriate condition of release includes a period of residential treatment. Petitioner's Further Briefing at 6. Petitioner also concedes that New Salem is an appropriate placement. Id. Thus, Respondents seem to have given Petitioner what he wants: release with conditions of supervision, including residential treatment.

Petitioner argues that a live controversy nevertheless exists because the court must, under Zadvydas v. Davis, 533 U.S. 678, 700 (2001), determine whether the condition of residential treatment at New Salem is appropriate under the circumstances. The court disagrees. As already mentioned, Petitioner concedes that New Salem is an appropriate placement. Although Petitioner makes his concession "pending the obtaining of additional professional advice on the matter" and subject to the court's approval, Petitioner's Further Briefing at 6, 8, this condition does not revive an otherwise dead controversy. Petitioner is

correct that <u>Zadvydas</u> counsels habeas courts to fashion appropriate conditions before releasing criminal aliens detained under 8 U.S.C. § 1231, the provision under which Petitioner is being detained. However, <u>Zadvydas</u> does not give the court authority to decide the appropriateness of a particular condition when that appropriateness is not in dispute. In sum, because Petitioner has already received the relief requested and the scope of that relief is not in dispute, the court lacks Article III jurisdiction to rule on the merits of the petition.

Two final matters must be addressed. First, the court had ordered Petitioner's counsel to produce competent evidence that Petitioner will not sign a medical release, not merely counsel's conclusory statement that being in custody has made Petitioner too paranoid to sign. This order was made in response to Petitioner counsel's request that the court enforce its subpoena duces tecum on CCA for Petitioner's medical records. Counsel seeks these records in order to determine the medical care Petitioner should receive and thus whether New Salem is an appropriate placement. Counsel now offers as competent evidence his declaration outlining the basis for his belief that Petitioner will not sign the release. However, the need for the medical records is now moot in light of the court's dismissal and there is no reason for the court to consider counsel's declaration.

Second, Petitioner's counsel expresses concern that none of the New Salem documents show an end date for Petitioner's residential treatment, nor do they provide a procedure for obtaining early discharge. Petitioner asks the court to fill in these gaps with an order. However, the government's "Alternatives to Detention Release Plan" already limits Petitioner's time at New Salem to up to one year. Traverse, Ex. C. The "up to one year" provision necessarily includes the possibility of discharge before one year, and the court finds it unnecessary to order New Salem to make available to Petitioner the procedures for early discharge. The "up to one year" provision should also allay Petitioner's fear of indefinite detention by proxy–that is, the possibility that the government will require Petitioner to reside at New Salem indefinitely–since Petitioner's required residence at New Salem has a reasonable and discernable end point. Therefore, Petitioner's request is denied.

/ / /

**CONCLUSION**

Accordingly, the court **DISMISSES** the petition for lack of jurisdiction.

**IT IS SO ORDERED**.

DATED: October 19, 2006

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties